UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**KENNETH ANDREW RANDOLPH**                                              **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 4:22-CV-P120-JHM**

**HOPKINS COUNTY JAIL** *et. al.*                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Kenneth Andrew Randolph filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

**I.**

In the complaint Plaintiff indicates that he is incarcerated as a convicted prisoner at Hopkins County Jail (HCJ) and that he brings this action against the HCJ and HCJ Jailer Mike Lewis.

Plaintiff sets forth the following allegations in the complaint:

> When I was first brought into the [HCJ], I had cuts and scrapes and also my glasses were broken (due to the arresting officers that arrested me)(some of these wounds are now scars). The staff at the jail refused to take any pictures or document any of these things, when ask why they wouldn't, I was told I would have to wait to get bonded out or released and do it myself. I also had to ask to see a doctor numerous amounts of times, because I was spitting up blood and repeatedly blowing blood out of my nose. My back and neck and rights shoulder hurt so bad that I couldn't hardly sleep an had to sleep in the floor even after I was finally given a bunk because I could not climb into a top bunk. I never actually seen a doctor only a nurse, the only thing she ever done was check my blood pressure. When I had ask about seeing a doctor, the nurse made the comment ("Well I guess the doctor doesn't want to see you") and ("you shouldn't be coming to jail") and walked away. (Other inmates that were in my cell at the time were witnesses to this matter.) Therefore my rights were violated due to neglect of being able to seek proper medical treatment. An I am now still suffering with pain and trauma and also owe doctor bills due to this matter. These things occurred between (1/7/2021 to 2/20/2021).

As relief, Plaintiff seeks damages, "medical bills paid," and release from incarceration.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

The Court construes the complaint as asserting constitutional claims for inadequate medical care. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum

state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff specifically states that the latest the events set forth in the complaint occurred was February 20, 2021; Plaintiff's claim, therefore, accrued, at the latest, on that date. *See Gibson v. Ohio Dep't*, No. 21-3999, 2022 U.S. App. LEXIS 21134, at *4 (6th Cir. July 29, 2022) ((citing *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) ("[P]risoner's cause of action for deliberate indifference accrued on the date that he was denied medical care, even though the full extent of his injury was not known until later.")). Therefore, Plaintiff had until February 20, 2022, at the latest, to bring this action. Plaintiff, however, did not file the instant action until August 2022. Therefore, he filed this action approximately six months past the expiration of the one-year statute of limitations.

For this reason, this action must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ((citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]")).

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: January 16, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hopkins County Attorney
4414.011